**Law Offices of Daniel M. Gray, LLC**
7617 Virginia Avenue
Falls Church, VA 22043
(703) 204-0164
(703) 204-1449
**Daniel M. Gray - D.C. Bar TX 0018**
graydm2@verizon.net

**ATTORNEYS FOR FREEDOM LAW FIRM**
Bishop Square Pauahi Tower
1003 Bishop Street Suite 1260
Honolulu, Hawaii 96813
(808) 755-7110
Fax (080) 691-9509
**Marc J. Victor – AZ Bar 016064**
Marc@AttorneysForFreedom.com
**Andrew C. Marcantel - AZ Bar 031809**
Andy@AttorneysForFreedom.com

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, ) | CR1:21 mj-94 ZMF |
| Plaintiff, ) | |
| vs. ) | |
| Jon Ryan Schaffer, ) | |
| Defendant. ) | |

**MOTION TO DISMISS COMPLAINT**

Jon Ryan Schaffer, moves this Court pursuant to 18 U.S.C. § 3162(A)(1), to dismiss the Complaint (Doc 1) because no indictment or information has been filed within the time limit required by 18 U.S.C. § 3161(b).

## MEMORANDUM OF POINTS AND AUTHORITIES

**Facts:**

On January 16, 2021, a Criminal Complaint was filed alleging Mr. Schaffer committed several offenses on January 6, 2021.  (Doc 1).

Mr. Schaffer, a long-time resident of Indiana, became aware of the Complaint, retained counsel and presented himself to federal authorities in Indiana on January 19, 2021.

On January 19, 2021, the Magistrate Judge Mark J. Dinsmore of the Southern District of Indiana conducted a Rule 5 Initial Hearing.  (1:21-mj-0049 Doc. 1).  At the hearing, Mr. Schaffer waived his right to both an identity hearing and a preliminary hearing.  (1:21-mj-0049 Doc 1 & 2).  The Government sought pretrial detention and Magistrate Judge Dinsmore scheduled a detention hearing for January 22, 2021.  (1:21-mj-0049 Doc 1).

Instead of proceeding with his January 22, 2021 Detention Hearing, Mr. Schaffer waived the hearing but reserved his "right to request a detention hearing in the prosecuting district at a time set by that Court."  (1:21-mj-0049 Doc. 6).

Magistrate Judge Dinsmore ordered the U.S. Marshal to transport Mr. Schaffer to this District to appear in this case.  (1:21-mj-0049 Doc 7).

The U.S. Marshal has not transported Mr. Schaffer.  Mr. Schaffer remains in custody in an Indiana jail.  Mr. Schaffer has been in custody for forty-eight days as of March 8, 2021.  The Government has not filed either an Information or Indictment.

**Law and Argument:**

The Speedy Trial Act required the Government to file an Information or an Indictment by February 18, 2021. Within thirty-days of Mr. Schaffer's arrest on January 19, 2021. The Government has not filed either an Information or Indictment and the Complaint must be dismissed.

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges

18 U.S.C. § 3161(b).

While certain periods of delay are excludable, no excludable time has occurred in Mr. Schaffer's case because the Government he has yet to be in transit from Indiana to Washington, D.C.

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

In *United States v. Fahnbulleh*, 742 F. Supp. 2d 137, 142–43 (D.D.C. 2010), aff'd, 752 F.3d 470 (D.C. Cir. 2014), the Court rejected the Government's argument it was entitled to exclude twenty-seven days while the defendant was transferred from the Southern District of New York to Washington D.C.

3

The Court reasoned,

> Section 3161(h)(1)(F) does not provide the appropriate basis for excluding the entire twenty-seven day period between July 15, 2009 and August 11, 2009, as that provision explicitly provides that "any time consumed in excess of ten days" in transferring a defendant from another district "shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F) (emphasis added). Finally, the government is not entitled (nor did it request) to have these twenty-seven days excluded under 18 U.S.C. § 3161(h)(7)(A) because no finding was ever made "orally or in writing" to support the conclusion that the "ends of justice" outweighed the interests of both the public and the defendant in a speedy trial, as is required under that provision, see Zedner v. United States, 547 U.S. 489, 507, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (holding that "without on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A))
>
> As far as the Court can discern from the entire record, the government has not disclosed at any point in this litigation the amount of time it took to transfer the defendant. On the other hand, the defendant asserts in his motion to dismiss the indictment that he was in transit for five days beginning August 5, 2009, and concluding on August 9, 2009. Def.'s Mot. to Dismiss Indict. at 7. The government does not refute the defendant's assertion in its opposition memorandum; consequently, the Court will accept the defendant's contention and exclude only five days from the thirty-day period in which the government is required to obtain an indictment in this case.

*Fahnbulleh*, 742 F.Supp. 2d at 145[1].

Since Mr. Schaffer has yet to be "in transit," 18 U.S.C. § 3161 (h)(1)(F) does not provide a basis to exclude any time. Thus, the Government has violated the Speedy Trial Act by failing to file an Information or Indictment by February 18, 2021.

---

[1] Initially the Government first argued the time was excludable under Section 3161(h)(1)(E)( delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure), but ultimately relied upon and and later acknowledge 18 U.S.C. § 3161(h)(1)(E) was not an appropriate basis for exclusion under the circumstances of the case.

Because "the government fail[ed] to secure an indictment within thirty non-excludable days from the date of arrest, the charges brought against the defendant in the criminal complaint must be dismissed either with or without prejudice." *Fahnbulleh*, 142 F.Supp.2d at 143.

> (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162.

**Conclusion:**

For the foregoing reasons, Mr. Schaffer requests this Court dismiss the Complaint (Doc. 1).

RESPECTFULLY SUBMITTED March 5, 2021.

              ATTORNEYS FOR FREEDOM LAW FIRM

              */s/ Marc J. Victor*_____
              Marc J. Victor
              Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on March 5, 2021, I filed the Original with the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/CEF registrants:

James B. Nelson
Assistant U.S. Attorney




By: */s/ Carmen Smith*