742 F.Supp.2d 137
United States District Court,
District of Columbia.

UNITED STATES of America,

v.

Morris FAHNBULLEH, Defendant.

Criminal Action No. 09–359 (RBW).
|
Oct. 7, 2010.

**Synopsis**

**Background:** Defendant charged with conspiracy to commit mail fraud, among other offenses, moved to dismiss indictment for alleged Speedy Trial Act violation.

**Holdings:** The District Court, Reggie B. Walton, J., held that:

government could exclude five days in calculating 30-day period for obtaining indictment for delay resulting from defendant's transfer to new district, and

government could exclude 129 days for delay resulting from its efforts to collect evidence located in foreign country.

Motion denied.

**Attorneys and Law Firms**

**\*138** John Witherspoon Borchert, Liam Bradley Brennan, U.S. Attorney's Office, Washington, DC, for Plaintiff.

Cary Clennon, Cary Clennon, Esq., Washington, DC, for Defendant.

**MEMORANDUM OPINION**

REGGIE B. WALTON, District Judge.

Morris Fahnbulleh, one of three co-defendants in this criminal case,[1] is charged with, *inter alia,* one count of Conspiracy to Defraud the United States, 18 U.S.C. § 371; one count of Conspiracy to Commit Mail and Wire Fraud, 18 U.S.C. § 1349; four counts of Mail Fraud, 18 U.S.C. § 1341; two counts of Wire Fraud, 18 U.S.C. § 1343; and four counts of submitting False Claims, 18 U.S.C. § 287. Indictment ¶¶ 1–17. Currently before the Court is the Defense Motion to Dismiss Indictment With Prejudice for Speedy Trial Act Violation (the "Def.'s Mot. to Dismiss Indict.").[2] After considering the defendant's motion, the government's memorandum in opposition to the defendant's motion to dismiss (the "Gov't's 8/27/10 Opp'n to Dismiss Indict."),[3] and all relevant documents and exhibits attached thereto,[4] the Court concludes for the following **\*139** reasons that it must deny the defendant's motion to dismiss the indictment.

**I. BACKGROUND**

The government filed a criminal complaint against the defendant on May 18, 2009, alleging that he committed acts of theft, fraud, and other related crimes, *see* Compl. at 1–5, in connection with an alleged "scheme to steal hundreds of thousands of dollars worth of humanitarian assistance from the" Food Support for Community Resettlement and Rehabilitation Project, *id.,* Ex. 1 (Affidavit of Special Agent Alcides Evora) ¶ 18, a program in which the United States Agency for International Development "contributes commodities (like surplus U.S. wheat and oil) to targeted communities in exchange for community members' work on infrastructure projects, such as road rehabilitation, latrine construction, and hand pump construction," *id.* ¶ 11. Specifically, the government alleges that the defendant, along with others, "directed a scheme to divert [these] commodities intended for Liberian beneficiaries, sell those commodities, and keep the profits for their own personal benefit," and also to "divert construction materials intended for numerous community projects [for use at] their own personal residences." *Id.* ¶ 18. Based on these allegations, Magistrate Judge Deborah A. Robinson of this Court issued a warrant for the defendant's arrest. Warrant at 1. The defendant was subsequently arrested in the Southern District of New York on July 15, 2009. Def.'s Mot. to Dismiss Indict. at 2; Gov't's Opp'n to Dismiss Compl. at 1. The defendant waived any rights he had to challenge his transfer to the District of Columbia for prosecution, July 16, 2009 Letter at 1, and he arrived in this jurisdiction on August 11, 2009, where he made his initial appearance in this Court before Magistrate Judge Alan Kay, Minute Entry, *United States v. Fahnbulleh,* Criminal Action No. 09–359(RBW) (D.D.C. entered Aug. 11, 2009).

After the defendant's arrival in this jurisdiction, the parties convened for a status hearing on August 14, 2009 before Magistrate Judge Kay. Minute Entry, *United States v. Fahnbulleh,* Criminal Action No. 09–359(RBW) (D.D.C. entered Aug. 14, 2009). Immediately prior to that hearing, the government filed a written motion with the Court seeking to exclude twenty-seven days—between July 15, 2009 to August 11, 2009—from the time period in which the government was required under the Speedy Trial Act, 18 U.S.C. § 3161 (2008),[5] ***140** to obtain an indictment. Gov't's 8/14/09 Mot. at 1. In support of its motion, the government argued that the delay was attributable to "the defendant's transfer proceedings." *Id.* at 2. The government then orally reiterated its request at the status hearing for the exclusion of time from the Speedy Trial Act clock, but arguing this time that it was entitled to an exclusion of the aforementioned twenty-seven days because the delay was attributed to the defendant having been "moved from the Southern District of New York to Washington, D.C." Hr'g Tr. at 65:11–12, Aug. 14, 2009. Based on the government's representations, Magistrate Judge Kay concluded that "the interests of justice" in granting the exclusion, although not "necessarily outweigh[ing] the best interest[s] of the [d]efendant," did "outweigh the best interests of the public ... in a speedy trial," and, as a result, he granted the government's motion. *Id.* at 65:23–66:8.

During the same status hearing (and in the written motion submitted prior to the hearing), the government also moved for a separate exclusion of time under 18 U.S.C. § 3161(h)(8) due to delay resulting from the government's efforts to collect evidence located in the Republic of Liberia. *See* Gov't's 8/14/09 Mot. at 2. Specifically, the government requested that the Court exclude time from the Speedy Trial Act clock beginning on August 14, 2009 "until the date on which the Republic of Liberia responds to the government's request for evidence located in Liberia" because it had made an official request for the evidence from the Liberian government for various records, and that it was still awaiting a response. *Id.* The defendant, through his counsel, opposed the government's motion, arguing that because the government made the request for foreign evidence in January 2009, "the Court should [not] grant the Government's exclusion for anymore than a year [ ] dating from the date of their request." Hr'g Tr. at 62:10–16. Magistrate Judge Kay agreed with the defendant that the continuation should not be "open-ended," yet at the same time acknowledged that "the [g]overnment does [not] have any control as to the speed [at] which the Liberian authorities will furnish the requested information." *Id.* at 62:20–63:1. As a result, Magistrate Judge Kay granted the government's motion, *id.* at 10–11, but only up until October 16, 2009, *id.* at 64:17–25, at which point the government, if it desired any additional exclusion of time, would have to appear before Magistrate Judge Robinson for a status hearing to provide an update as to its efforts to collect evidence from the Liberian government, *see id.* at 62:17–20 ("[M]y inclination ... is to grant the [g]overnment a designated period of time ..., and then hold a status hearing and find out what the status is."); *id.* at 63:10–13 ("I'm going to grant ***141** an extension to the [g]overnment ... under the Speedy Trial Act, and set a status hearing at [which] point ... the [g]overnment will make whatever representations it needs to make.").

At the October 16, 2009 status conference, the government orally moved for additional relief under Section 3161(h)(8) to exclude time beginning October 17, 2009. Hr'g Tr. at 16:12–17, Oct. 16, 2009. Magistrate Judge Robinson declined to hear the request because the government had not submitted a written motion asking for such relief. *Id.* at 18:5–8. She then directed the government to file a written motion setting forth the basis for its request on or before October 19, 2009. *Id.* at 18:8–10. The government complied with Magistrate Judge Robinson's directive and filed its request for relief on October 19, 2009. Gov't's 10/19/09 Mot. at 1. In support of its motion for relief, the government alleged essentially the same facts that were asserted in its previous motion for the same relief that had been granted by Magistrate Judge Kay on August 14, 2009, i.e., that the government had transmitted a "diplomatic note" on January 23, 2009 "to the Republic of Liberia requesting that certain materials be provided to the [United States] Department of Justice," and that "the Republic of Liberia [was] still in the process of responding to the government's request." *Id.* at 2.

Rather than filing a memorandum in opposition to the government's motion, the defendant, who was still represented by counsel at the time, moved to dismiss the criminal complaint on the grounds that the government failed to secure an indictment in this case within thirty non-excludable days from the date of the defendant's arrest as required under 18 U.S.C. § 3161(b). Def.'s Mot. to Dismiss Compl. at 1. Specifically, the defendant argued that the time period between July 15, 2009 and August 11, 2009 could not be excluded under 18 U.S.C. § 3161(h)(1)(E) because there had been "[n]o delay ... attributable to [a] transfer proceeding," *id.* at 2, and that the government was

only entitled to an exclusion often days under 18 U.S.C. § 3161(h)(1)(F) resulting from the defendant's transfer to this jurisdiction, *id.* at 3. The defendant further argued that because Magistrate Judge Kay only excluded time under the Speedy Trial Act until October 16, 2009, the government only had ten days from that point in which to secure an indictment. *Id.* Those ten days having elapsed before an indictment was filed, the defendant argued that he was entitled to a dismissal of the criminal complaint. *Id.*

The government filed a memorandum in opposition to the defendant's motion to dismiss on November 13, 2009. Gov't's Opp'n to Dismiss Compl. at 8. As to the defendant's claim that Magistrate Judge Kay erred in excluding the time period between July 15, 2009 and August 11, 2009, the government acknowledged that it should have sought relief under Section 3161(h)(1)(F) rather than Section 3161(h)(1)(E). *Id.* at 6. Nonetheless, the government argued that even if time was improperly excluded under Section 3161(h)(1)(F), and that it was only entitled to an exclusion often days between July 15, 2009 and August 11, 2009 under Section 3161(h)(1)(E), the additional seventeen days within that time period "would still be properly excluded under ... 18 U.S.C. § 3161(h)(8) because the government's request to Liberia was clearly outstanding between [those] dates." *Id.* at 7.

Magistrate Judge Robinson issued a memorandum opinion and order on December 16, 2009, denying the government's motion under Section 3161(h)(8) to exclude additional time as of October 17, 2009. *United States v. Fahnbulleh,* 674 F.Supp.2d 214, 215 (D.D.C.2009). In her **\*142** opinion, Magistrate Judge Robinson concluded that Section 3161(h)(8) does not allow for the "exclusion of a period of delay of up to one year ... from the calculation of the time within which an indictment must be filed." *Id.* at 218; *see also id.* at 221 ("[T]he undersigned finds that Section 3161(h)(8) of Title 18 does not provide for the exclusion of time within which an indictment must be filed...."). Furthermore, Magistrate Judge Robinson concluded that the period of exclusion ordered by Magistrate Judge Kay expired on October 16, 2009, and because the government at that point had yet to obtain an indictment, the defendant was entitled to a dismissal of the criminal complaint without prejudice. *Id.* at 221.

The government then appealed to Chief Judge Royce C. Lamberth of this Court for an emergency stay of Magistrate Judge Robinson's order and reversal of the findings rendered in her memorandum opinion. Motion for Emergency Stay of Magistrate Judge's Dismissal Order Pending Hearing and Motion for Review and Appeal of Dismissal Order at 1. Chief Judge Lamberth granted the request for a stay of the order and directed the parties to appear before him on December 22, 2009, for a hearing on the merits of the government's appeal. Order, *United States v. Fahnbulleh,* No. 09–293(DAR), at 1 (D.D.C. Dec. 17, 2009) (Lamberth, J.). Before the hearing occurred, the grand jury returned an indictment against the defendant on December 18, 2009, charging him with the aforementioned crimes. *See generally* Indictment ¶¶ 1–17.

The defendant, who is now representing himself, moves to dismiss the indictment on essentially the same grounds relied upon by Magistrate Judge Robinson in her December 16, 2009 memorandum opinion dismissing the criminal complaint. *See generally* Def.'s Mot. to Dismiss Indict. at 1–33. The defendant also argues that the government is only entitled to a five-day exclusion of time under Section 3161(h)(1)(F), *id.* at 7, rather than the ten days he initially conceded to in his motion to dismiss the criminal complaint, Def.'s Mot. to Dismiss Compl. at 3. Furthermore, the defendant contends that Magistrate Judge Robinson, while correctly dismissing the criminal complaint, erred in doing so without prejudice, as he suffered actual prejudice as a result of the government's delay in obtaining an indictment from the grand jury. *See generally* Def.'s Mot. to Dismiss Indict. at 20–32.

Not surprisingly, the government opposes the defendant's motion to dismiss the indictment, arguing that Magistrate Judge Robinson erred in dismissing the criminal complaint because (1) she lacked the authority under the Federal Magistrate Act to dispose of this matter, Gov't's 7/9/10 Opp'n to Dismiss Indict. at 7–8; (2) she erroneously concluded that Section 3161(h)(8) cannot be relied upon to exclude time from the thirty-day period in which the government is required under Section 3161(b) to secure an indictment in this case, *id.* at 11; and (3) even putting aside her holding regarding Section 3161(h)(8), the time period that the government had remaining to obtain an indictment had not yet expired, *id.* at 13.

## II. LEGAL ANALYSIS

The sole issue before the Court is whether the indictment filed in this case should be dismissed with prejudice because of the government's failure to timely secure an indictment under the Speedy Trial Act. To resolve this issue, the Court must first turn to the Act itself, which provides the rubric for calculating the time period in which the government

must secure an indictment against a criminal defendant. Specifically, the Act requires **\*143** that the government obtain an indictment or file an information against a criminal defendant within thirty days from the date of arrest. 18 U.S.C. § 3161(b). In calculating this thirty-day period, however, the Act provides that certain periods of delay must be excluded by the Court. *See* 18 U.S.C. § 3161(h) (stating that that certain "periods of delay *shall* be excluded in computing the time within which an information or indictment must be filed"). Notwithstanding these provisions for exclusion, should the government fail to secure an indictment within thirty non-excludable days from the date of arrest, the charges brought against the defendant in the criminal complaint must be dismissed either with or without prejudice. 18 U.S.C. § 3162(a)(1) (2008); *see also United States v. Bowman,* 496 F.3d 685, 688 (D.C.Cir.2007) (noting that upon a finding that the Speedy Trial Act has been violated, "[t]he [C]ourt may dismiss the complaint with or without prejudice"). And, if the Court concludes that the criminal complaint should be dismissed with prejudice, then the government is barred from filing an indictment charging the defendant with the same crimes alleged in the criminal complaint. *Bowman,* 496 F.3d at 688.

Both parties agree that the defendant was arrested on July 15, 2009. Def.'s Mot. to Dismiss Indict. at 2; Gov't's Opp'n to Dismiss Compl. at 1. As noted above, Section 3161(b) provides that the government must obtain an indictment "within thirty days from the date" the defendant was arrested. Excluding the day of the defendant's arrest, *cf. United States v. Harris,* 491 F.3d 440, 443 (D.C.Cir.2007) (construing the requirement under the Speedy Trial Act that a trial commence "*within* seventy days from the filing" of the indictment to mean that the date on which the indictment is filed does not count toward the seventy-day total), the government was required to secure an indictment by August 14, 2009. The indictment, however, was filed on December 18, 2009—126 days later—so the Court is obligated to dismiss the criminal complaint unless the record reflects that the delay in filing the indictment can be excluded under the various provisions of 18 U.S.C. § 3161(h).

The defendant raises several arguments in support of his motion to dismiss the indictment. First, he argues that Magistrate Judge Kay erroneously excluded the entire time period between July 15, 2009 and October 16, 2009, and that the government, at most, was entitled to an exclusion of only five days within that time frame as a result of his transfer from the Southern District of New York to this District. Def.'s Mot. to Dismiss Indict. at 7. Second, he contends that Magistrate Judge Kay improperly excluded under Section 3161(h)(8) the fifty-eight day period between August 11, 2009 and October 16, 2009, because this exclusionary provision does not apply in the pre-indictment context. *Id.* at 25. Third, he asserts that while Magistrate Judge Robinson correctly concluded that Section 3161(h)(8) does not apply to the exclusion of time during the pre-indictment period, she erred in dismissing his case without prejudice.[6] *See generally id.* at 20–32. And finally, the defendant argues that because he was entitled to have the criminal complaint dismissed with prejudice, the government was barred from securing an indictment alleging the same charges listed in the **\*144** criminal complaint. *See id.* at 30 (contending that "dismissal was based on [a] violation of the Speedy Trial Act," and therefore "[r]eprosecution is barred in this case [ ] for the same charges"). After a thorough review of the record,[7] however, the Court concludes the government secured the indictment within thirty non-excludable days from the defendant's arrest, and therefore dismissal of the criminal complaint was in error.[8]

A. *Exclusion of Time Between July 15, 2009 and August 11, 2009*

In regards to the exclusion of time between July 15, 2009 and August 11, 2009, the record is unclear as to what provision under Section 3161(h) provided the basis for the exclusion of this twenty-seven day period. Initially, the government filed a written motion with the Court on August 14, 2010, asserting that it was entitled to exclude these twenty-seven days under Section 3161(h)(1)(E), because the delay "result[ed from] the defendant's transfer proceedings," Gov't's 8/14/09 Mot. at 2, but nowhere in their motion did the government provide any detail regarding any proceeding which caused the delay that it sought to exclude from the Speedy Trial Act calculation. That same day, the government appeared before the Court for a status hearing, at which point it implicitly relied upon 18 U.S.C. § 3161(h)(1)(F) to exclude time because the defendant "was *moved* from the Southern District of New York to Washington, D.C." Hr'g Tr. at 65:11–12, Aug. 14, 2009. Again, the government did not specify at the hearing why it believed it was entitled to an exclusion of twenty-seven days for the transfer of the defendant to this jurisdiction from New York. Despite the lack of foundation for the invocation of these Speedy Trial Act exclusionary provisions, the government's request to exclude time under the Speedy Trial Act was granted. The basis for excluding these twenty-seven days, however, was neither

Section 3161(h)(1)(E) nor Section 3161(h)(1)(F), but rather 18 U.S.C. § 3161(h)(1)(7)(A), as the Court found that "the interests of justice" in granting the exclusion, although not "necessarily outweigh[ing] the best interest of the defendant," did "outweigh the best interests of the public ... in a speedy trial." *Id.* at 65:23–66:2; *see also* 18 U.S.C. § 3161(h)(7)(A) (providing for the exclusion of time when a judge makes "findings that the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial"). Although the record is somewhat muddled as to the basis upon which the time period between July 15, 2009 and August 11, 2009 was excluded from the Speedy Trial Act calculation, it is apparent to the Court that the exclusion of all twenty-seven days within this time period was improper under any of these three provisions.

As to the government's initial argument that Section 3161(h)(1)(E) provided the basis for excluding these twenty-seven days, the government has acknowledged, and the Court agrees with the government, that this provision is not an appropriate basis for exclusion under the circumstances of this case, *see* Gov't's Opp'n **\*145** to Dismiss Compl. at 6 (acknowledging that "the [d]efendant is correct that ... the government should have moved to exclude time under 18 U.S.C. § 3161(h)(1)(F) and not 18 U.S.C. § 3161(h)(1)(E)"), because "[t]he transfer proceeding occurred on the day of the [d]efendant's arrest," *id.* at 3, and thus no delay in this matter can be attributed to that proceeding. Furthermore, Section 3161(h)(1)(F) does not provide the appropriate basis for excluding the entire twenty-seven day period between July 15, 2009 and August 11, 2009, as that provision explicitly provides that "any time consumed in excess of *ten* days" in transferring a defendant from another district "shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F) (emphasis added). Finally, the government is not entitled (nor did it request) to have these twenty-seven days excluded under 18 U.S.C. § 3161(h)(7)(A) because no finding was ever made "orally or in writing" to support the conclusion that the "ends of justice" *outweighed the interests of both the public and the defendant in a speedy trial,* as is required under that provision, *see Zedner v. United States,* 547 U.S. 489, 507, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (holding that "without on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A)). In fact, the government's request was granted despite uncertainty as to whether the "interests of justice" in granting the exclusion "necessarily outweigh[ed] the best interest of the [d]efendant," Hr'g Tr., Aug. 14, 2009 65:25–66:2, even though the plain language of Section 3161(h)(7)(A) requires that the interests of justice in granting a continuance must outweigh *both* "the best interests of the public *and* the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A) (emphasis added); *see also United States v. Kellam,* 568 F.3d 125, 137 (4th Cir.2009) ("The purpose of the [Speedy Trial] Act is to protect the interests of *both* the defendant and the public ...." (emphasis added)); *United States v. Hall,* 181 F.3d 1057, 1062 (9th Cir.1999) ("[T]he Speedy Trial Act assigns district courts an independent responsibility to protect *both* the defendant's and the public's strong interest in the timely administration of justice." (emphasis added)). The exclusion of the entire period between July 15, 2009 and August 11, 2009, therefore, could not be solely based on Section 3161(h)(1)(E), Section 3161(h)(1)(F), or Section 3161(h)(7)(A).

This is not to say that the government is precluded from receiving *any* exclusion of time between July 15, 2009 and August 11, 2009, as neither party disputes that the defendant was transferred from the Southern District of New York to this District. As a result, the government is entitled under Section 3161(h)(1)(F) to an exclusion of time, not to exceed ten days, for the time period in which the defendant was in transit to this jurisdiction. As far as the Court can discern from the entire record, the government has not disclosed at any point in this litigation the amount of time it took to transfer the defendant. On the other hand, the defendant asserts in his motion to dismiss the indictment that he was in transit for five days beginning August 5, 2009, and concluding on August 9, 2009. Def.'s Mot. to Dismiss Indict. at 7. The government does not refute the defendant's assertion in its opposition memorandum; consequently, the Court will accept the defendant's contention and exclude only five days from the thirty-day period in which the government is required to obtain an indictment in this case.

B. *Exclusion of Time Between August 11, 2009 and December 18, 2009*

As for the defendant's assertion that the exclusion of time under **\*146** 18 U.S.C. § 3161(h)(8) is not available in the pre-indictment context, the Court finds this argument to be wholly without merit. In construing the meaning of 18 U.S.C. § 3161(h)(8), several well-settled principles of statutory interpretation must guide the Court's analysis. The first step in interpreting any statute is to " 'begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.' " *United States v. Albertini,* 472 U.S. 675, 680, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985) (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985)). Where the language

of the statute is "plain, 'the sole function of the courts is to enforce it according to its terms.' " *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Furthermore, the Court should also interpret the statute so as "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (quoting *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955)). And, the Court must be mindful of the object and policy of the entire statutory scheme in interpreting a provision within that scheme. *See Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) (holding that courts must not construe statutory provisions "in isolation from the context of the whole Act," but rather courts "must look to the provisions of the whole law, and to its object and policy").

Applying those principles to Section 3161(h)(8), there can be no dispute that this provision applies in the pre-indictment context. Specifically, Section 3161(h)(8) provides the following:

> (h) The following periods of delay *shall be excluded in computing the time within which an information or an indictment must be filed,* or in computing the time within which the trial of any such offense must commence:
>
> ....
>
> > (8) Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(8) (emphasis added). Thus, so long as the government can establish by a preponderance of the evidence that it made an official request for evidence from a foreign country, and that it is reasonable to conclude that such evidence is located in that country, then the Court is *compelled* under a plain reading of 18 U.S.C. § 3161(h)(8) to exclude that time from the thirty-day requirement of 18 U.S.C. § 3161(b). Indeed, to adopt the defendant's interpretation and find that this provision does not apply in the pre-indictment context would require the Court to simply read out the requirement that "[t]he following periods of delay shall be excluded in computing the time within which ... *an indictment must be filed.*" 18 U.S.C. § 3161(h)(8) (emphasis added).

The defendant asserts that Congress's use of the word "or" within the text of Section 3161(h), rather than "and," suggests that the various exclusion provisions under Section 3161(h) are to be applied either exclusively within the pre-indictment context or exclusively within the **\*147** post-indictment context. Def.'s Mot. to Dismiss Indict. at 14; *see also* 18 U.S.C. § 3161(h) ("The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence ...." (emphasis added)). Interpreting the use of conjunctives and disjunctives in statutes is not so simplistic, however. To be sure, use of the word " 'or' is [generally] accepted for its disjunctive connotation .... [b]ut this canon is not inexorable, for sometimes a strict grammatical construction will frustrate legislative intent." *United States v. Moore,* 613 F.2d 1029, 1040 (D.C.Cir.1979). Indeed, as Justice Harlan astutely observed in writing for the majority of the Supreme Court in *De Sylva v. Ballentine,* 351 U.S. 570, 573, 76 S.Ct. 974, 100 L.Ed. 1415 (1956):

> We start with the proposition that the word "or" is often used as a careless substitute for the word "and"; that is, it is often used in phrases where "and" would express the thought with greater clarity. That trouble with the word has been with us for a long time.

Judge Becker, speaking for the Third Circuit, provided further insight in *United States v. One 1973 Rolls Royce, V.I.N. SRH–16266,* 43 F.3d 794, 814–15 (3d Cir.1994), regarding the interpretation of statutes containing conjunctives or disjunctives:

> The argument that the existence of the word "or" ... requires a disjunctive reading ... arguably overlook[s] the importance of *context* in determining whether the conditions should be treated as disjunctive or conjunctive. Whether requirements in a statute are to be treated as disjunctive or conjunctive does not always turn on whether the word "or" is used; rather it turns on context.

The Court, therefore, cannot simply rely on Congress's usage of "and" or "or" to reach a definitive determination regarding the application of the various exclusionary provisions of Section 3161(h). Rather, the Court must view all of these provisions in the context of the entire Speedy Trial Act to discern Congress's intent.

In taking a more holistic approach to interpreting Section 3161(h), rather than focusing solely on Congress's use of a disjunctive, it is evident to the Court that the statutory structure of Section 3161(h) precludes the defendant's proffered construction. In drafting the statute, Congress did not separate and categorize one set of provisions for the pre-indictment context and the remaining provisions for the post-indictment setting; rather, it grouped together all of the exclusionary provisions under one heading. Despite the structure of this statute, if the defendant is correct that Congress's use of a disjunctive in Section 3161(h) reflects an intent to have certain exclusionary periods apply exclusively to the pre-indictment context, while having the remaining periods only apply post-indictment, then a court would have to speculate as to which provisions apply in one context versus the other. Under the defendant's interpretation of Section 3161(h), the Court, for example, would have to assess whether it could exclude time under Section 3161(h)(1)(F) due to the defendant's transfer from New York, or whether that provision only applies to transfers that take place after an indictment is filed. But there is no limiting principle in Section 3161(h) (or anywhere else in the Speedy Trial Act, for that matter) from which the Court could conclude that it lacks the authority to exclude pre-indictment time resulting from inter-district transfer delay; indeed, there is no logical reason why the filing of an indictment *148 should serve as the dividing line for when a court may exclude time for the delay resulting from a defendant's transfer from one district to another. Thus, under the defendant's proffered construction of Section 3161(h), the Court would be required to engage in a guessing game that is unnecessary based on the more straightforward interpretation as discussed above.

The Court also finds the defendant's reliance on *United States v. Kozeny,* 541 F.3d 166 (2d Cir.2008), to be misplaced. In *Kozeny,* the Second Circuit addressed the issue of whether the government could seek to toll a *statute of limitations* under 18 U.S.C. § 3292(a)(1) where the limitations period had expired but an indictment had yet been issued. *Id.* at 172. But here, the government is not seeking to toll the statute of limitations; rather, it is requesting that a period of time be excluded from the limitations period specifically authorized under the Speedy Trial Act. Thus, *Kozeny* is inapposite.

Finally, the defendant argues that applying 18 U.S.C. § 3161(h)(8) in the pre-indictment context "would violate the Fifth, Sixth[,] Eighth[,] and Fourteen[th] Amendments" of the United States Constitution because doing so could result in an individual being imprisoned for up to one year without being indicted, Def.'s Mot. to Dismiss Indict. at 25. While it is true that in construing a statutory provision, the Court when possible is obliged to interpret it in a manner that avoids a constitutional infirmity, *Skilling v. United States,* ––– U.S. ––––, ––––, 130 S.Ct. 2896, 2940, 177 L.Ed.2d 619 (2010) (quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 407, 29 S.Ct. 527, 53 L.Ed. 836 (1909)) ("[W]hen the constitutionality of a statute is assailed, if the statute be reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other valid, it is our plain duty to adopt that construction which will save the statute from constitutional infirmity."), the application of 18 U.S.C. § 3161(h)(8) to the pre-indictment context does not raise any constitutional difficulties because none of the four amendments cited by the defendant proscribe pre-indictment detention of any specific duration as a matter of law. With regards to the Fifth Amendment, the Court is not aware of any case where another court has held that a specific length of pre-indictment detention rises to the level of a *per se* constitutional violation;[9] indeed, in the Sixth Amendment context, the Supreme Court has explicitly held otherwise.[10] *See* *149 *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ("We find no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months."). The Eighth Amendment also does not pose any interpretive difficulties here, as the Speedy Trial Act is concerned with the right to *obtain* a "speedy" adjudication of the charges being brought against a defendant, while concerns about the constitutionality of a punishment under the Eighth Amendment" do not arise "until *after* ... a formal adjudication of guilt in accordance with due process of law" is secured. *Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (emphasis added). The Fourteenth Amendment is likewise inapplicable because the present case involves a federal prosecution, while the prohibitions prescribed in the Fourteenth Amendment are directed only to the states. *See* U.S. Const. amend. XIV ("No *State* shall ... abridge the privileges or immunities of citizens of the United States; nor shall any *State* deprive any person ... due process of law[,] nor deny an person ... the equal protection of the laws." (emphasis added)). Under these well-settled principles of constitutional law, the Court finds that the defendant's arguments are without merit.

Having resolved the issue of whether Section 3161(h)(8) applies in the pre-indictment context, and having concluded that it does apply in this case, the Court must now turn to the facts of this case and determine whether the government is

entitled under that provision to exclude the 129 days between August 11, 2009 and December 18, 2009. For the Court to grant an exclusion under this provision, the government must show by a preponderance of the evidence that (1) "an official request, as defined [by S]ection 3292[ (d) ], has been made for [foreign] evidence,"[11] and (2) "it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." 18 U.S.C. § 3161(h)(8). Here, the record reflects that the government submitted an official request to the Liberian government pursuant **\*150** to Article 18 of the United Nations Convention Against Transnational Organized Crime, *see* Gov't's Speedy Trial Mot., Ex. A (January 9, 2009 Letter from the United States Department of Justice to The Competent Authority of the Republic of Liberia) at 1, and in the letter the government requested, *inter alia,* public or official records that unquestionably would be located in Liberia, *see id.* at 5–6 (seeking "[i]ncome tax records," "property and deed records," and various business documents for numerous Liberian entities). Furthermore, the Court has no reason to doubt the government's assertion in its October 19, 2009 motion to exclude time from the Speedy Trial Act clock that as of that date, "Liberia [was] in the process of responding to the request, [but] the [United States] government ha[d] yet to receive any response." Gov't's 10/19/09 Mot. at 3. Thus, the Court concludes that the government has more than met its burden of proving its entitlement to exclude those 129 days between August 11, 2009 and December 18, 2009 under 18 U.S.C. § 3161(h)(8).

C. *Total Sum of Days Excluded From The Speedy Trial Act Calculation*

As noted above, the Court would be required to dismiss the indictment in this case unless the government can demonstrate that it is entitled under the various provisions of 18 U.S.C. § 3161(h) to exclude at least 126 days from the thirty days in which it was required to secure an indictment under 18 U.S.C. § 3161(b). *See supra* at 143. The government has exceeded that threshold, as it is entitled to exclude a total of 134 days—a five-day exclusion under 18 U.S.C. § 3161(h)(1)(F), as well as a 129–day exclusion under 18 U.S.C. § 3161(h)(8). The government, therefore, obtained an indictment from a grand jury within the time limit prescribed by Section 3161(b).

### III. CONCLUSION

Based on the foregoing analysis, the Court is satisfied that the government has met its obligation in this case under Section 3161(b) to secure an indictment within thirty non-excludable days from the date of the defendant's arrest. While approximately five months passed between the date of the defendant's arrest and the return of an indictment by a grand jury, the government was entitled to exclude the vast majority of that time period from the speedy trial calculation. For these reasons, the Court has no choice but to reject the defendant's efforts to dismiss the indictment.

**SO ORDERED** this 7th day of October, 2010.[12]

**All Citations**

742 F.Supp.2d 137

Footnotes

1  The other defendants in this case are Joe Bondo, who is also before the Court in this case, and Thomas Parker, who has been indicted but yet to be arrested.
2  The defendant is now representing himself, and his *pro se* motion was filed on August 10, 2010.
3  The defendant, through counsel, initially filed a motion to dismiss the indictment on July 1, 2010, to which the government filed a memorandum in opposition (the "Gov't's 7/9/10 Opp'n to Dismiss Indict"). The defendant, however, moved *pro se* to withdraw the motion to dismiss filed by his former counsel (and current stand-by counsel), and the Court granted his request. Aug. 5, 2010 Order at 1. The defendant then proceeded to file the motion to dismiss that is currently before the Court, and in its memorandum in opposition to this motion, the government explicitly incorporates all of the arguments raised in its original opposition memorandum to the defendant's initial motion to dismiss the indictment. Gov't's 8/27/10 Opp'n to Dismiss Indict. at 1. In addressing the current motion to dismiss the indictment, therefore, the Court will also consider the arguments made in the government's earlier filing.
4  In addition to the defendant's motion to dismiss, the government's memorandum in opposition to that motion, and the government's memorandum in opposition to the defendant's July 1, 2010 motion to dismiss the indictment, the Court considered the following documents in reaching its decision: (1) the Criminal Complaint (the "Compl."); (2) the July 16,

2009 Letter From the United States District Court for the Southern District of New York to the United States District Court for the District of Columbia (the "July 16, 2009 Letter"); (3) the Arrest Warrant (the "Warrant"); (4) the Government's Motion to Exclude Certain Time From Speedy Trial Calculation filed on August 14, 2009 (the "Gov't's 8/14/09 Mot."); (5) the Government's Motion to Exclude Certain Time From Speedy Trial Act Calculation filed on October 19, 2009 (the "Gov't's 10/19/09 Mot."); (6) the Defendant's Motion to Dismiss Complaint (the "Def.'s Mot. to Dismiss Compl."); and (7) the United States' Response to Defendant's Motion to Dismiss Complaint (the "Gov't's Opp'n to Dismiss Compl.").

5   Section 3161 states the following:

(a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

....

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

....

(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

....

(8) Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

6   To that end, the Court rejects the government's argument that the filing of the indictment renders the defendant's challenge under the Speedy Trial Act moot, as the filing of the indictment does not extinguish the issue of whether the dismissal of the criminal complaint without prejudice was in error.

7   It is settled law in the District of Columbia Circuit that the undersigned member of the Court has the authority to review a magistrate judge's decision to dismiss a criminal complaint. *See Bowman,* 496 F.3d at 691 (observing that "even if the magistrate judge had authority to dismiss [a] criminal complaint with prejudice, nothing barred the district court from reviewing that dismissal").

8   The Court, therefore, need not address the issue of whether the Federal Magistrate Act authorizes a magistrate judge to dismiss a criminal complaint.

9   If anything, the Supreme Court has held that the determination of whether a due process violation has occurred requires a fact-specific inquiry into the circumstances of a particular case. *See United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (concluding that dismissal for pre-indictment delay is appropriate only where "it [is] shown at trial that the pre-indictment delay in [the] case caused substantial prejudice to [the accused's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused"); *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–169, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963) (holding that whether a pre-trial sanction constitutes a due process violation will depend on a multitude of factors). Given the individualized nature of a due process analysis, the Court cannot find that applying 18 U.S.C. § 3161(h)(8) in the pre-indictment context would violate the Fifth Amendment as a matter of law.

10  While the defendant's motion is one to "[d]ismiss [the] [i]ndictment [w]ith [p]rejudice for [a] Speedy Trial Act [v]iolation," Def.'s Mot. to Dismiss Indict. at 1, he is also now proceeding in this matter pro se, and thus the Court has an obligation to construe his filings liberally, *see, e.g., Brown v. District of Columbia,* 514 F.3d 1279, 1283 (D.C.Cir.2008). In doing so, it is appears to the Court that the defendant, whether knowingly or unknowingly, could be found to have alleged a due process violation resulting from undue pre-indictment delay. *See* Def.'s Mot. to Dismiss Indict. at 4 (allegation by the defendant

that the government's arguments regarding the applicability of 18 U.S.C. § 3161(h)(8) in the pre-indictment context are "intentionally erroneous, prejudicial, misapplied[,] and [were] certainly [made] to gain [a] tactical advantage over [the] defendant"). But even assuming that the defendant has raised such a claim, the Court does not find any evidence in the record that would support the defendant's request for relief. Under *Marion,* the defendant must establish, *inter alia,* that the government "purposefully" caused delay "to gain [a] tactical advantage over the [defendant]." 404 U.S. at 324, 92 S.Ct. 455. Here, the defendant does not allege a single fact in support of his allegation that the government engaged in any dilatory tactics, except to say that it erroneously sought to exclude time under 18 U.S.C. § 3161(h)(8). As the Court concludes, however, the government's claim is hardly misguided, as it is plainly entitled to such relief under the Speedy Trial Act.

The defendant also asserts that his due process rights were violated because he was denied an opportunity "to respond to [the g]overnment's August 14, 2009 written motion" to exclude time under 18 U.S.C. §§ 3161(h)(1)(E) and 3161(h)(8). Even assuming, without deciding, that Magistrate Judge Kay committed error as the defendant suggests, such error was harmless, as the defendant's objections to the exclusion of time under these provisions have been fully considered by this Court in resolving his motion to dismiss the indictment.

11  Section 3292(d) defines "official request" as "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country."

12  An order will be issued contemporaneously with this memorandum opinion denying the defendant's motion to dismiss the indictment.

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.