**ATTORNEYS FOR FREEDOM LAW FIRM**
3185 South Price Road
Chandler, Arizona 85248
(480) 755-7110
Fax (480) 857-0150
**Marc J. Victor – AZ Bar 016064**
Marc@AttorneysForFreedom.com

**Law Offices of Daniel M. Gray, LLC**
7617 Virginia Avenue
Falls Church, VA 22043
(703) 204-0164
(703) 204-1449
**Daniel M. Gray - D.C. Bar TX 0018**
graydm2@verizon.net

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, | ) CR1:21 mj-94 ZMF |
| Plaintiff, | ) |
| | ) First Amended Motion to |
| vs. | ) Amend Detention Order |
| | ) |
| Jon Ryan Schaffer, | ) |
| | ) Hearing: April 5, 2021 before Chief Judge |
| Defendant. | ) Beryl A. Howell |

Jon Schaffer Amends his Motion to Amend Detention Order filed on March 20, 2021 (Doc 11) to supplement it with analysis and arguments based upon the written detention ordered entered by Magistrate Judge Faruqui (Doc 12) and the United States Court of Appeal for the District of Columbia's decision in United States v. Munchel, 2021 WL1149196. Both the written order and the Court of Appeals decision were filed after Mr. Schaffer filed his Motion to Amend Detention Order

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Facts:**

On January 16, 2021, a Criminal Complaint was filed alleging Mr. Schaffer violated sections 1, 2, and 4 of 18 U.S.C. 1752(a) and sections A, F and G of 40 U.S.C. 5104(e) on January 6, 2021.  (Doc 1).

Mr. Schaffer, a long-time resident of Indiana, became aware of the Complaint and retained counsel.  On January 17, 2021, Mr. Schaffer voluntarily presented himself to federal authorities in Indiana.  On January 19, 2021, the Southern District of Indiana conducted a Rule 5 Initial Hearing.  (1:21-mj-0049 Doc. 1).  At the hearing, Mr. Schaffer waived his right to both an identity hearing and a preliminary hearing.  (1:21-mj-0049 Doc 1 & 2).  Because the Government sought pretrial detention, Magistrate Judge Mark J. Dinsmore scheduled a detention hearing for January 22, 2021.  (1:21-mj-0049 Doc 1).

Instead of proceeding with his January 22, 2021 Detention Hearing, Mr. Schaffer waived the hearing but reserved his "right to request a detention hearing in the prosecuting district at a time set by that Court."  (1:21-mj-0049 Doc. 6).

Magistrate Judge Dinsmore ordered the U.S. Marshal to transport Mr. Schaffer to this District to appear in this case.  (1:21-mj-0049 Doc 7).

Although the parties anticipated the U.S. Marshal would transport Mr. Schaffer within a few weeks, Mr. Schaffer was not transported to this District until March 18, 2021.

Pretrial Services investigated Mr. Schaffer and recommended his release with conditions including Pretrial Services Supervision, GPS monitoring, and home detention.

On March 19, 2021, the Government presented exhibits at Mr. Schaffer's detention hearing. The exhibits consisted of a video interview of Mr. Schaffer in November of 2020 expressing his political views and a video and still photos taken on January 6, 2021 showing him inside the United States Capitol holding pepper spray.

On March 19, 2021, Magistrate Judge Faruqui ordered Mr. Schaffer detained based on a finding the Government had proven by clear and convincing evidence that Mr. Schaffer was a danger to the community and that no condition or combination of conditions would reasonably assure the safety of any other person or the community if Mr. Schaffer was released. On March 24, 2021 Magistrate Judge Faruqui issued his Order of Detention Pending Trial. (Doc 12).

**Law and Argument:**

"A detention decision based upon the defendant's dangerousness to the community must be supported by 'clear and convincing evidence.'" 18 U.S.C. § 3142(e)(1), (f); *see also United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996).

### I. Standard of Review

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may file "a motion for revocation or amendment to the order" with "a court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). Although the D.C. Circuit has yet to opine on the question, substantial precedent supports the view that a magistrate judge's detention order is subject to de novo review by the district court, see United *States v. Hunt*, 240 F. Supp. 3d 128, 132 (D.D.C. 2017) (identifying cases supporting this proposition from the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits), and this Court has adopted that view, *United States v. Taylor*, 289 F. Supp. 3d 55, 66 (D.D.C. 2018).

*United States v. Cua*, No. CR 21-107 (RDM), 2021 WL 918255, at *3 (D.D.C. Mar. 10, 2021).

## II. Mr. Schaffer Should be Released on Conditions

The Bail Reform Act provides three basic options regarding release or detention pending trial. The Act permits the Court to release a defendant on his own recognizance (an unsecured bond is optional); release on conditions; or detain. 18 U.S.C. § 3142 (a).

Pretrial detention is only permitted upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (e)(1)[1] *See also* U.S. v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam).

> The question for the Court is whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). If not, the Court "shall order the detention of the [defendant] before trial." Id. In determining whether Cua should be detained, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id. § 3142(g). "The facts the judicial officer uses to support a finding ... that no condition or combination of conditions will reasonably assure the safety of any other person and the community [must] be supported by clear and convincing evidence," and the government bears the burden of proof as to that evidence. Id. § 3142(f)(2)(B). That is because "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987); see also Taylor, 289 F. Supp. 3d at 62 ("The default position of the law ... is that a defendant should be released pending trial.") (internal quotation marks and citation omitted).

---

[1] 18 U.S.C. § 3142(e) also permits detention for particular offenses. Mr. Schaffer has not been charged with any of those offenses.

4

*United States v. Cua*, No. CR 21-107 (RDM), 2021 WL 918255, at *3 (D.D.C. Mar. 10, 2021).

### A. Nature and Circumstances of the Offense Charged and The Weight of the Evidence

The Government sought "detention based on [Mr. Schaffer] carrying a dangerous weapon inside a restricted ground." Reporter's Transcript of Detention Hearing, p. 7: 8-10.[2] Magistrate Judge Faruqui detained Mr. Schaffer "Upon the Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1)." (Doc. 12, p. 1)

Mr. Schaffer cannot be detained pursuant to 18 U.S.C. § 3142 (f)(1)(E) because the Government's allegation Mr. Schaffer simply possessed bear spray does not support a finding his case involved a dangerous weapon. The Government cannot establish a can of bear spray is dangerous weapon when it is simply possessed.

The Government may seek detention in specific cases, including "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm or destructive device . . ., or any other dangerous weapon . . ." 18 U.S.C. § 3142(f) (1)(E).

Magistrate Judge Faruqui wrote, "Mr. Schaffer is charged with carrying a dangerous weapon (bear spray) onto restricted, Capitol grounds." and "The government presented a number of exhibits at the detention hearing that show Mr. Schaffer was in possession of bear spray."

---

[2] The Government has not filed a written request to detain Mr. Schaffer.

5

The Government did not introduce any evidence or authority for Magistrate Judge Faruqui to find the simple possession of bear spray is a "dangerous weapon" to justify detaining Mr. Schaffer pursuant to 18 U.S.C. § 3142(f)(1)(E).[3]

Appellate cases addressing the simple possession of bear spray or pepper spray are sparse, but Circuits have addressed whether possession of pepper spray is a dangerous weapon for purposes of the Sentencing Guidelines. Even in the context of sentencing enhancement, the Circuits are divided on whether pepper spray is a dangerous weapon when it is simply possessed and not used.

The Sixth Circuit wrote,

> [The Defendant], of course, did not personally possess the pepper spray, but he admitted that he knew [the co-conspirator] had possessed the pepper spray and had intended to use it in the event [Victim] resisted their robbery plan. Hence, he aided and abetted [the co-conspirator] in the robbery with knowledge of the pepper spray's existence and intended use; and, therefore, he may be subjected to § 2B3.1(b)(2)(E)'s 3–level enhancement.
>
> Not so clear is whether pepper spray is a "dangerous weapon" under § 2B3.1(b)(2)(E)—a question this Circuit has yet to address. The commentary to § 2B3.1(b)(2)(E) provides some guidance: " 'Dangerous weapon' means ... an instrument capable of inflicting death or serious bodily injury...." U.S.S.G. § 1B1.1, comment (n.1(D)(i)) (referenced by § 2B3.1 (n.1)). "[S]erious bodily injury" is defined as an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty...." U.S.S.G. § 1B1.1, comment (n. 1(L)).
>
> Therefore, based on the severe and probable effects that pepper spray has on the human body, the district court's determination that pepper spray constitutes a "dangerous weapon" was not erroneous.

---

[3] Mr. Schaffer's case does not involve any of the other factors listed in the other subsections of 18 U.S.C. § 3142(f)(1). The offenses are not crimes of violence, do not have a maximum sentence of life or death, are not controlled substances offenses and Mr. Schaffer has no prior convictions at all. See 18 U.S.C.. § 3142(f)(1)(A)(B)(C) and (D).

*United States v. Melton*, 233 F. App'x 545 (6th Cir. 2007)

The Eleventh Circuit wrote,

> We conclude that the district court erred when it enhanced Perez's sentence for possession of a dangerous weapon. In applying the enhancement, the district court necessarily concluded that the pepper spray in question was a dangerous weapon within the meaning of the Sentencing Guidelines.
>
> To state it differently, regardless of how Perez intended to use the pepper spray, the record is devoid of any evidence that the spray is actually capable of inflicting a serious bodily injury.

*United States v. Perez*, 519 F. App'x 525, 526 (11th Cir. 2013).

Thus, Mr. Schaffer cannot be detained pursuant to 18 U.S.C. § 3142(f)(1)(E) because the Government has not established his case involves a dangerous weapon.

Magistrate Judge Faruqui found the nature of the offense and weight of the evidence both favored pretrial detention based upon erroneous conclusion carrying bear spray qualifies as a dangerous weapon.  Doc. 12, p. 3.

### B.  Mr. Schaffer's History and Characteristics

Pretrial Services recommended release with conditions.  Magistrate Judge Faruqui found Mr. Schaffer's history and characteristics favor pretrial release.  Doc. 12, p. 4.  Mr. Schaffer has no criminal history, no history of substance abuse, is employed and has a stable residence.  Magistrate Judge Faruqui found Mr. Schaffer is most likely not a serious flight risk.  Doc. 12, p. 4.

### C.  Nature and Seriousness of the Danger to Any Person of the Community.

> The crux of the constitutional justification for preventive detention under the Bail Reform Act is that "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, ... a court may disable the arrestee

from executing that threat." *Salerno*, 481 U.S. at 751, 107 S.Ct. 2095. Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.

*Munchel*, 2021 WL 1149196, at *7.

The Government did not present evidence or argue Mr. Schaffer presented an **articulable** threat. Magistrate Judge Faruqui ordered Mr. Schaffer detained on an unarticulated and hypothetic fear Mr. Schaffer might engage in violent and destructive behavior in the future. "This transfer of power has taken place, so it cannot be assured Mr. Schaffer will not engage in further violence to support his political ideology if released." Doc. 12, p. 4.

This is precisely the unarticulated threat rejected by the Court of Appeals in Muncel. *Muncel*, 21 WL 1149196 at * 8.

**Conclusion:**

Mr. Schaffer should be released because there are "condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community."

                    RESPECTFULLY SUBMITTED March 31, 2021.

                    ATTORNEYS FOR FREEDOM LAW FIRM

                    */s/ Marc J. Victor*_____
                    Marc J. Victor
                    Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2021, I filed the Original with the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/CEF registrants:

Ahmed M. Baset
James B. Nelson
Louis J. Manzo
Assistant U.S. Attorneys

A copy sent via email to:

Chief Judge Beryl A. Howell
Howell_chambers@dcd.uscourts.gov


By: */s/ Carmen Smith*