**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-MJ-94 (ZMF)** |
| | : | |
| **JON SCHAFFER,** | : | |
| | : | |
| **Defendant.** | : | **UNDER SEAL** |
| | : | |

**SUPPLEMENT TO CONSENT MOTION TO CONTINUE DETENTION HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following sealed supplement to further explain the basis for the parties' Consent Motion to Continue Detention Hearing. In support thereof, the government submits as follows:

1. As stated in the Consent Motion to Continue, the government and counsel for the defendant have conferred and are continuing to communicate about this matter. This has entailed a series of debrief interviews with the defendant that began on March 2, 2021. Based on these debrief interviews, the parties are currently engaged in good-faith plea negotiations, including discussions about the possibility of entering into a cooperation plea agreement aimed at resolving the matter short of indictment. Among the contemplated plea terms upon acceptance of a plea are the defendant's release pending sentencing.

2. The government's ongoing plea negotiations with this defendant are the first and most advanced plea negotiations involving any of the over 300 Capitol Riot defendants. Plea terms have thus required extensive review and approval at various levels of government necessitating more time than usual to approve and negotiate. The parties have,

therefore, requested a continuance of the detention hearing for approximately two weeks to provide additional time to exhaust all avenues of negotiation.

3. Furthermore, both parties believe it is in their best interests to hold in abeyance the defendant's motions pending before the court. The parties agree that maintaining the current detention posture, as well as the government forestalling return of a grand jury indictment against the defendant[1], are necessary at this stage to facilitate good-faith plea negotiations. Additional time may also be necessary in the event plea conditions require completion of certain requirements before entering into a formal agreement before the court, such as the defendant testifying before the grand jury.

4. Should the futility of plea negotiations become apparent in advance of the requested continuance date of April 21, 2021, and it is practical to do so, the parties will inform the court and seek to advance the detention hearing and the government's reply brief due date so that the matter of detention can be addressed without delay.

5. Finally, the parties request that this filing be docketed under seal. Such an order is appropriate because the filing relates to sensitive information about the defendant's cooperation with the government and ongoing plea negotiations that are not public. Accordingly, disclosure may reveal the existence, scope, and direction of the ongoing and confidential investigation. If alerted to this information, investigation targets against whom the defendant may be providing information about could be immediately prompted to flee from prosecution, destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, attempt to influence or intimidate

---

[1] As acknowledged by the defense during the sealed portion of the April 2, 2021 status hearing, the government is in a position to rapidly obtain an indictment against the defendant should plea negotiations fail.

potential witnesses, and otherwise take steps to undermine the investigation and avoid future prosecution. Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of this filing pertaining to this investigation that is being submitted at this time. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980).

Dated: April 5, 2021

Respectfully submitted,

CHANNING B. PHILLIPS
ACTING UNITED STATES ATTORNEY

By: ______________________________

Ahmed M. Baset
IL Bar No. 630-4552
Louis Manzo
MA Bar No. 688-337
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7097
ahmed.baset@usdoj.gov
louis.manzo@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-MJ-94 (ZMF)** |
| | : | |
| **JON SCHAFFER,** | : | |
| | : | |
| **Defendant.** | : | **UNDER SEAL** |
| | : | |

**ORDER**

Upon consideration of the Government's request to seal the Supplement to Consent Motion to Continue Detention Hearing, concerning the above-defendant, it is hereby

ORDERED that the Supplement to Consent Motion to Continue Detention Hearing and this corresponding Court Order be sealed until further Order of this Court.

It Is So Ordered.

______________________________
BERYL A. HOWELL
Chief Judge
United States District Court for the District of Columbia

Entered: ______________________________

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Supplement to Consent Motion to Continue Detention Hearing was served upon counsel of record for the defendant through the electronic court filing system, this 5th day of April 2021.

By: ______________________________

Ahmed M. Baset
Assistant United States Attorney